FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KYLE CHRISTOPHER TEEPLES, <br><br> Defendant. | No. 2:25-CR-00198-TOR-1 <br><br> ORDER MODIFYING ORDER FOLLOWING DETENTION REVIEW HEARING <br><br> **MOTION GRANTED (ECF NO. 33)** |

On February 25, 2026 the Court held a hearing to consider Defendant KYLE CHRISTOPHER TEEPLES' Motion to Amend Conditions of Release.  **ECF No. 33**.  Defendant is anticipated to complete inpatient substance abuse treatment at American Behavioral Health Systems (ABHS) on February 26, 2026.  ECF No. 33.  Defendant now requests release to Royal Life Care Center.  **ECF No. 33.** Neither U.S. Probation nor the United States oppose Defendant's release plan.

The Court finds:  1) the release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released; and 2) the Government, by way of its non-opposition to the Defendant's motion, concurs that the release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released.

ORDER - 1

Accordingly, the Court finding good cause, **IT IS ORDERED:**

1.    Defendant's Unopposed Motion, **ECF No. 33**, is **GRANTED**. Defendant is released to Royal Life Care Center.  Defendant is no longer required to return to the custody of the U.S. Marshal upon completion of inpatient substance abuse treatment.

2.    Defendant shall be released on the following conditions:

| GENERAL CONDITIONS | |
| --- | --- |
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation.  Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 3 | Defendant shall sign and complete A.O. Form 199C before being released.  Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |
| 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms in the home where Defendant resides. |
| 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce any firearm or ammunition or receive |

ORDER - 2

| | | |
|---|---|---|
| | | any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| | 7 | Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
| | 8 | Defendant shall remain in the Eastern District of Washington while the case is pending and shall reside at Royal Life Care Center.  Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation.  Defendant shall comply  with all rules and requirements of Royal Life Care Center. |
| | 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| | 10 | Defendant shall maintain or actively seek lawful employment. |
| | 11 | Defendant shall contact defense counsel at least once a week. |
| | 12 | **Prohibited Substance Testing**: *If random controlled substance testing is not done through a treatment program, random controlled substance testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.*  Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing. |
| | 13 | **Substance Abuse Evaluation and Treatment**:  Defendant shall participate in any outpatient substance abuse treatment recommended by Defendant's treatment provider.  Defendant shall be responsible for the cost of testing, evaluation, and treatment, unless the United States Probation Office should determine otherwise.  Prior to commencing any evaluation or treatment program, Defendant shall |

ORDER - 3

|  | provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. _It shall be the responsibility of defense counsel to provide such waivers._ Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including inpatient treatment, outpatient treatment, and any recommended counseling. _If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer._ |
|---|---|
| 14 | **Alcohol Prohibition:** Defendant shall not use or possess any alcoholic beverage.  There shall be no alcohol in the home where Defendant resides.  Defendant shall not go to any establishment where alcohol is the primary item of sale. |
| **LOCATION MONITORING** | |
| 15 | **GPS Monitoring:** Defendant shall participate in a program of GPS monitoring. Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest, and detain Defendant.  Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office. |

3.   If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party,

ORDER - 4

after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

4.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED February 26, 2026.



JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 5